UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-70-KAC-JEM |
| MICHAEL P. GRANDE, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on the United States's Motion for a Protective Order [Doc. 10]. United States District Judge Katheryn A. Crytzer referred this motion to the undersigned for determination or recommendation, as appropriate [Doc. 11]. *See* 28 U.S.C. § 636(b).

On June 20, 2024, the Grand Jury for the Eastern District of Tennessee returned an Indictment charging Defendant with thirteen counts alleging financial crimes and one count alleging the tampering with a witness [Doc. 3]. The Indictment includes forfeiture allegations, which list the real property at 517 Deep Creek View, Annapolis, Maryland, as property involved in the offenses and forfeitable [*Id*. at pp. 11–13].

The Government now asks the Court to enter a protective order pursuant to 21 U.S.C. § 853(e)(1)(A) and 18 U.S.C. § 982(b)(1) with respect to real property at 517 Deep Creek View [Doc. 10 p. 1]. It contends this property is subject to forfeiture and a protective order is necessary to restrain Defendant Michael Grande or his family or agents from taking any action that would encumber the property or diminish its value [*Id*.]. The Government further argues that entry of a protective order is necessary to "preserve the *status quo* and to secure itself so that, upon entry of a judgment of forfeiture, the United States will be able to satisfy that judgment of

forfeiture" [*Id.* at 4]. The Government has provided a proposed Protective Order to Chambers for the Court's consideration.

On July 18, 2024, Defendant responded that he "does not object to entry of a protective order preserving the 'status quo' of this real property" [Doc. 12 p. 1]. He states that he "understands the restrictions of the proffered Protective Order and will accordingly abide by them" [*Id.* at 1–2]. Defendant avers that if circumstances arise that provide good cause to modify the proposed Protective Order, he will first move the Court to seek modification [*Id.* at 2].

"Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property" subject to criminal forfeiture. 18 U.S.C. § 853(e)(1)(A). A protective order is properly entered after the return of an indictment "alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture" under § 853. *Id.* Here, both parties agree that the real property at 917 Deep Creek View is listed in the forfeiture allegations in the Indictment. The undersigned has reviewed the terms set out in the proposed Protective Order and finds they are appropriate.

Accordingly, the undersigned **RECOMMENDS** that the District Judge grant the United States's Motion for Protective Order [Doc. 10] and enter the proposed Protective Order.[1]

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to appeal the District Court's order. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 555 U.S. 1080 (2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). "[T]he district court need not provide *de novo* review where objections [to this report and recommendation] are [f]rivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).