UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-70-KAC-JEM |
| | ) | |
| MICHAEL P. GRANDE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Michael P. Grande's Motion to Continue Trial and Associated Deadlines [Doc. 20], filed on November 13, 2024.

Defendant requests that the Court continue the trial date and associated deadlines [Doc. 20]. In support of his motion, Defendant states that he and his counsel have been diligently reviewing discovery materials [*Id.* ¶ 1]. He asserts that his counsel has had multiple discussions about the matter with counsel for the Government and explains that lead counsel for the Government recently went on leave [*Id.* ¶ 2–3]. Defendant avers that he requires additional time to assess the options to resolve the case [*Id.* ¶ 4]. Defendant states that he waives his speedy trial rights [*Id.* ¶ 7]. He represents that the Government does not oppose a continuance [*Id.* ¶ 5]. Defendant asks that the Court continue the trial date to April 2025 [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in

18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to assess the options to resolve the case, communicate with the Government about those options and, if discussions are not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the January 28, 2025 trial date.

The Court therefore **GRANTS** Defendant Michael P. Grande's Motion to Continue Trial and Associated Deadlines [**Doc. 20**]. The trial of this case is reset to **April 8, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on November 13, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Michael P. Grande's Motion to Continue Trial and Associated Deadlines [**Doc. 20**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 8, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **November 13, 2024**, and the new trial date of **April 8, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 10, 2025**;

(5) the deadline for filing motions *in limine* is **March 24, 2025**;

(6)  the parties are to appear before the undersigned for a final pretrial conference on **March 25, 2025, at 2:00 p.m.**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 28, 2025**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3