UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-70-KAC-JEM |
| | ) | |
| MICHAEL GRANDE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Michael Grande's Motion to Continue Trial and Associated Deadlines [Doc. 42], filed on January 21, 2026.

Defendant asks to continue the February 24, 2026 trial date to a date in July 2026, and that all related deadlines be adjusted accordingly [*Id.* ¶ 5]. In support of his motion, Defendant states that the parties are working toward an agreed resolution, and he has "made substantial progress toward satisfaction of restitution and/or forfeiture amounts that could be owed if an agreed plea can be negotiated" [*Id.* ¶ 1]. Defendant states the parties continue to pursue a plea agreement in good faith [*Id.*]. According to the motion, defense counsel has appellate deadlines in early February, conflicting with trial preparation, and anticipates significant surgery in mid-to-late February [*Id.* ¶¶ 2–3]. Defendant consents to the requested continuance and waives his speedy trial rights in relation to the continuance [*Id.* ¶ 6]. Defendant states that counsel for the Government do not oppose the requested continuance [*Id.* ¶ 7].

Based upon the information in Defendant's motion, and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant Grande the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs more time to time to review, discuss, and evaluate issues relating to a potential plea agreement, and, if plea negotiations are ultimately not fruitful, to otherwise prepare for trial. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the February 24, 2026 trial date. Moreover, the failure to grant a trial continuance would deny Defendant the continuity of counsel. *See id.*

The Court therefore **GRANTS** Defendant Michael Grande's Motion to Continue Trial and Associated Deadlines [**Doc. 42**]. The trial of this case is reset to **July 21, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on January 21, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Michael Grande's Motion to Continue Trial and Associated Deadlines [**Doc. 42**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **July 21, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 21, 2026**, and the new trial date of **July 21, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 22, 2026**;

(5) the deadline for filing motions *in limine* is **July 6, 2026**, and responses to motions *in limine* are due on or before **July 14, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **July 7, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 10, 2026**.

**IT IS SO ORDERED.**

                                                ENTER:

                                                Jill E. McCook
                                                United States Magistrate Judge